IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| **TAUREN EXPLORATION, INC.,** | § | |
| **LIQUIDATING TRUST,** | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. **3:18-CV-2119-L** |
| | § | |
| **PANDALE HOLDINGS, INC.;** | § | |
| **PANDALE HOLDINGS, LLC; and** | § | |
| **CALVIN A. WALLEN, III,** | § | |
| | § | |
| Defendants. | § | |

## ORDER

Before the court is the Report and Recommendation to District Court Regarding Motion to Withdraw the Reference (Doc. 12-1), entered on October 3, 2018, by United States Bankruptcy Judge Harlin DeWayne Hale, recommending that the court grant the Motion to Withdraw the Reference (Doc. 1-1), filed August 14, 2018, and refer all pretrial matters to the bankruptcy court because of its familiarity with the facts and bankruptcy issues. No objections to the Report and Recommendation were filed.

Having reviewed the Report and Recommendation, Motion to Withdraw the Reference, response in opposition to the motion, pleadings, and record, the court determines that the bankruptcy court's Report is correct, and **accepts** the Report and Recommendation. Accordingly, the court **grants** the Motion to Withdraw the Reference (Doc. 1-1) and **withdraws** the reference to the bankruptcy court; however, as discovery, expert, dispositive motion, and other pretrial deadlines have not expired, and Judge Hale is more familiar with the facts and bankruptcy issues in the case,

the court **refers** all pretrial matters to him.¹ Judge Hale shall notify the court when the case is ready for trial, which may or may not proceed as currently scheduled the week of February 4, 2019, given the court's congested docket.²

**It is so ordered** this 7th day of November, 2018.

Sam A. Lindsay
United States District Judge

---

¹ The bankruptcy court's Report and Recommendation indicates that the Adversary Proceeding involves core and non-core matters, and the parties do not consent to the entry of a final judgment by the bankruptcy court regarding non-core matters. The court's withdrawal of the reference in this case does not affect the bankruptcy court's authority to hear any core matters for which the bankruptcy judge can "hear and determine" and "enter appropriate orders and judgments." *Wellness Int'l Network, Ltd. v. Sharif*, 135 S. Ct. 1932, 1940 (2015) (quoting 28 U.S.C. § 157(b)(1). For any non-core matters, the bankruptcy court shall handle all pretrial management matters by determining all nondispositive motions, pending or prospective, and issuing findings of fact, conclusions of law, and recommendations for any dispositive motions. *Wellness*, 135 S. Ct. at 1940 (quoting § 157(c)(1)). Further, all other pretrial matters, including scheduling and alternative dispute resolution, are referred to the bankruptcy court for appropriate action consistent with applicable law.

² All civil trial settings are subject to the priority of criminal trials established by the Speedy Trial Act, 18 U.S.C. §§ 3161-3174.